# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELEWARE

| | |
|---|---|
| HID GLOBAL CORPORATION; ASSA ABLOY HOSPITALITY, INC.; YALE SECURITY INC.; CORBIN RUSSWIN INC; and HANCHETT ENTRY SYSTEMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ICEPAT AG and ICEPAT LTD., <br><br> Defendants. | Civil Action No: _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs HID Global Corporation, ASSA ABLOY Hospitality, Inc., Yale Security Inc., Corbin Russwin Inc., and Hanchett Entry Systems., Inc. (collectively, "Plaintiffs") hereby plead the following claims for Declaratory Judgment against Defendants ICEPAT AG and ICEPAT LTD. (collectively, "ICEPAT"), and alleges as follows:

### NATURE OF THE ACTION

1.  This is an action for declaratory judgment of non-infringement of United States Patent Nos. 7,114,179 ("the '179 patent"), 7,823,193 ("the '193 patent"), 8,572,705 ("the '705 patent"), and 9,135,579 ("the '579 patent") (collectively, the "Patents-in-Suit") under 28 U.S.C. §§ 2201 and 2202.

### THE PARTIES

2.  HID Global Corporation ("HID") is a Delaware corporation, with its principal place of business in Austin, TX.

3.  ASSA ABLOY Hospitality, Inc. ("AAH") is a Texas corporation with its principal place of business in Richardson, Texas.

4. Yale Security Inc. ("Yale") is a Delaware corporation with its principal place of business in Berlin, Connecticut.

5. Corbin Russwin Inc. ("Corbin Russwin") is a Delaware corporation with its principal place of business in Berlin, Connecticut.

6. Hanchett Entry Systems, Inc. ("Hanchett") is an Arizona corporation with its principal place of business in Phoenix, Arizona.

7. On information and belief, ICEPAT AG is a company organized under the laws of Switzerland with its principal place of business at Herrengasse 16, 6460 Altdorf, Switzerland.

8. On information and belief, ICEPAT LTD. is a company organized under the laws of Switzerland with its principal place of business at Herrengasse 16, 6460 Altdorf, Switzerland.

## JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States, 35 U.S.C. § 100 *et seq*. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, based on a definite and concrete, real and substantial, justiciable controversy between Plaintiffs, on the one hand, and ICEPAT, on the other hand, for declaratory judgment of patent non-infringement under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

10. This Court has personal jurisdiction over ICEPAT by virtue of its contacts with this forum, its contacts with HID (a Delaware corporation) and AAH, its contacts with AAH's customers and/or potential customers who have properties in and around this District, and/or Fed. R. Civ. P. 4(k)(2).

11. ICEPAT operates a web site located at www.icepat.com that establishes personal jurisdiction in this Court. That web site, on the "Contact" page, lists ICEPAT LTD. and provides the physical and email addresses for the company. The web site also includes a "Members" area

in which a person or company can enter a "username" and "password" to gain access to the "Licensing Program Lodging Segment." The web site includes a page titled "Program" that provides a link to a "Term Sheet" of a "Patent License Agreement," which is "password protected." According to the "Program" page, "ICEPAT has drafted a licensing program which gives all market players the opportunity to acquire a license on equal conditions," and thereafter includes the link to the "Term Sheet." The "Program" page further states:

> Offering hotel guests mobile access solutions to their guestrooms will soon be a reality throughout the U.S. hospitality industry and across the globe. The inventors of ICEPAT AG had already in mind such method and system for ordering, loading and using access tickets (technology) in the late nineties and filed the patent family WO 00/62260 with numerous members all over the world.
>
> Based on recent press releases hotel owners are aware of the patent and may decide, they will only purchase mobile key entry locks and systems that have entered the ICEPAT Licensing Program for the lodging segment. Each market participant is invited to join the Licensing Program and hotel owners have already begun to ask us which lock companies have agreed to the Licensing Program so they can avoid patent infringement and select their lock providers for their next purchases without delay.
>
> Moreover, ICEPAT AG has agreed to provide also other market participants with its invention in the area of mobile access solutions. For this reason, ICEPAT has drafted a licensing program which gives all market players the opportunity to acquire a license on equal conditions.

12.     Regarding the password protected "Term Sheet" on the "Program" page, on or about May 22, 2015, ICEPAT sent a letter to the Plaintiffs' ultimate parent corporation, ASSA ABLOY AB ("AAAB"), which letter also claimed to copy a representative of Starwood Hotels & Resorts ("Starwood") in Stamford, Connecticut.  The letter claimed that three of the Patents-In-Suit (U.S. Patent Nos. 7,114,179; 7,823,193; and 8,572,705, defined in the letter as the "Patents") "belong to our company ICEPAT AG," and stated that ICEPAT had "noticed that ASSA ABLOY is promoting mobile key entry and related solutions worldwide together with Starwood."  The letter further stated that "[a]ccording to our assessment your mobile key entry system shows the features of our Patents and your activities contribute to our Patents' infringement."  Additionally, the letter offered AAAB "to join [ICEPAT's] existing Licensing Program," and provided a "User name" and "Password" that AAAB could use on the "Program" page of the ICEPAT web site, referenced above, "[f]or more information about the terms and conditions of the Licensing Program."

13.     Additionally, this Court has personal jurisdiction because ICEPAT has directed correspondence to HID and AAH representatives and AAH customers and/or potential customers related to the declaratory judgment patent claims recited in this Complaint.  As an example, ICEPAT sent the May 22, 2015 letter (referenced above in Paragraph 12 above) to AAAB, copying a representative of Starwood in Stamford, Connecticut.  Starwood is a customer of AAH relating to the technology and products at issue in this action.  On information and belief, Starwood has hotels within this District and also has hotels within 100 miles of this Court that include AAH technology and products at issue in this action.  As stated above, the May 22, 2015 letter listed three of the Patents-In-Suit and asserted that ASSA ABLOY together with Starwood are "promoting mobile key entry and related solutions worldwide" and that "your mobile key

entry system shows the features of our Patents and your activities contribute to our Patents' infringement."

14.     On information and belief, ICEPAT and/or its agent(s) have sent correspondence to other customers and/or potential customers of AAH relating to assertions of one or more of the Patents-in-Suit, which customers, on information and belief, have hotels within and/or nearby this District.  Customers and/or potential customers have brought this correspondence to the attention of AAH.

15.     Furthermore, ICEPAT's agent, a law firm in Sweden called AWApatent AB, has sent emails regarding the Patents-In-Suit to HID and AAH personnel.  As an example, Urban Lind of AWApatent, on behalf of ICEPAT, sent an email on or about February 3, 2016 that copied representatives of HID (a Delaware corporation) and AAH to arrange an in-person meeting to discuss ICEPAT's patent infringement assertions.  As further examples, Mr. Lind sent emails on or about February 10, 2016; February 23, 2016; March 4, 2016; and April 22, 2016 directed to an HID representative, among others, that related to setting this same meeting.

16.     In addition, Daniel Banninger of ICEPAT sent an email on or about May 13, 2016 that was addressed to an HID representative, among others.  The May 13, 2016 email provided a "draft of a Patent License Agreement between ICEPAT and ASSA ABLOY" and a "Presentation for ASSA ABLOY" ("the ICEPAT Presentation").  The ICEPAT Presentation listed all four of the Patents-In-Suit.

17.     Alternatively, this Court has personal jurisdiction over ICEPAT under Fed. R. Civ. P. 4(k)(2).  Rule 4(k)(2) provides "[f]or a claim arising under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:  (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B)

exercising jurisdiction is consistent with the United States Constitution and laws." As stated above, the claims of this action arise under the patent laws of the United States. To the extent ICEPAT is not otherwise subject to jurisdiction, ICEPAT has sufficient United States contacts such that exercising jurisdiction over ICEPAT is consistent with the United States Constitution and laws.

18.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391, 1400 and 35 U.S.C. § 293 in that ICEPAT is a patentee not residing in the United States who has not designated a person residing within the United Sates on whom may be served process or notice of proceedings affecting its patents rights thereunder.

## THE PRESENCE OF AN ACTUAL CONTROVERSY

**A.     The Patents-In-Suit**

19.     On information and belief, the '179 patent is assigned to ICEPAT LTD., and in addition, on information and belief, ICEPAT AG has held itself out to be the owner of the '179 patent. A copy of the '179 patent is attached to this Complaint as Exhibit A. The document attached in Exhibit A indicates that on September 26, 2006, the '179 patent, titled "Method and System for Ordering, Loading and Using Admission Tickets," issued to Rudolf Ritter and Eric Lauper. Swisscom Mobile AG is listed as the assignee on the face of the '179 patent attached in Exhibit A. Assignment records indicate that Swisscom Mobile AG assigned the '179 patent to Swisscom (Schweiz) AG, who assigned the patent to IPR Partner AG, who assigned the patent to ICEPAT LTD.

20.     On information and belief, the '193 patent is assigned to ICEPAT LTD., and in addition, on information and belief, ICEPAT AG has held itself out to be the owner of the '193 patent. A copy of the '193 patent is attached to this Complaint as Exhibit B. The document

attached in Exhibit B indicates that on October 26, 2010, the '193 patent, titled "Method and System for Ordering, Loading and Using Admission Tickets," issued to Rudolf Ritter and Eric Lauper.  ICEPAT LTD. is listed as the assignee on the face of the '193 patent attached in Exhibit B.

21.     On information and belief, the '705 patent is assigned to ICEPAT LTD., and in addition, on information and belief, ICEPAT AG has held itself out to be the owner of the '705 patent.  A copy of the '705 patent is attached to this Complaint as Exhibit C.  The document attached in Exhibit C indicates that on October 29, 2013, the '705 patent, titled "Method and System for Ordering, Loading and Using Admission Tickets," issued to Rudolf Ritter and Eric Lauper.  ICEPAT LTD. is listed as the assignee on the face of the '705 patent attached in Exhibit C.

22.     On information and belief, the '579 patent is assigned to ICEPAT LTD.  A copy of the '579 patent is attached to this Complaint as Exhibit D.  The document attached in Exhibit D indicates that on September 15, 2015, the '579 patent, titled "Method and System for Ordering, Loading and Using Admission Tickets," issued to Rudolf Ritter and Eric Lauper. ICEPAT LTD. is listed as the assignee on the face of the '579 patent attached in Exhibit D.

**B.     Plaintiffs' Technology**

23.     AAH is a leading lock brand in the hospitality industry that serves millions of guestrooms in hotels, hospitals, schools, cruise ships, work places and wherever people sleep away from home.  AAH offers a product called "ASSA ABLOY Hospitality Mobile Access" that uses mobile phones to access hotel rooms. ICEPAT has asserted that this AAH product infringes the Patents-In-Suit.

24. HID is a leader in products, services, and solutions related to the creation, management, and use of secure identities for millions of customers worldwide. HID offers a range of products and technologies, including a product called "HID Mobile Access" that provides secure access control using a mobile device, such as a smartphone, for example, in corporate environments. The ICEPAT Presentation states that "ICEPAT has identified the following markets to be addressed by the patent claims," including "Corporate Access (e.g. premises for management, manufacturing, government, education, healthcare, [sic])".

25. Yale offers door hardware and locks including commercial products and residential hardware options. Yale is advertising a product called "Yale Real Living Assure Lock with Bluetooth" for use in residential applications. The Yale Real Living Assure Lock with Bluetooth offers two ways of access: use of the keypad on the lock or a Bluetooth mobile phone. The ICEPAT Presentation states that "ICEPAT has identified the following markets to be addressed by the patent claims," including "Residential Access (e.g. premises for private usage or occasional rent of rooms like Airbnb)".

26. Corbin Russwin sells locks, key systems, and electronic access control systems, among other products, for commercial and industrial facilities. Corbin Russwin advertises at least one product that supports HID Mobile Access technology. The ICEPAT Presentation states that "ICEPAT has identified the following markets to be addressed by the patent claims," including "Corporate Access (e.g. premises for management, manufacturing, government, education, healthcare, [sic])".

27. Hanchett is a supplier of electric locking systems and access control components, including electromagnetic locks and accessories and digital entry systems. Hanchett advertises at least one product that supports HID Mobile Access technology. The ICEPAT Presentation

states that "ICEPAT has identified the following markets to be addressed by the patent claims," including "Corporate Access (e.g. premises for management, manufacturing, government, education, healthcare, [sic])".

28.     The products listed above in Paragraphs 23-27 for AAH, HID, Yale, Corbin Russwin, and Hanchett will be collectively and individually referenced herein as the "Mobile Phone Access Products."  ICEPAT has asserted, directly or indirectly, that these products infringe the Patents-In-Suit.

**C.     ICEPAT's Allegations Against Plaintiffs**

29.     On or about May 22, 2015, ICEPAT wrote to AAAB regarding ICEPAT's "patent family WO 00/62260 on methods and systems for ordering, loading and using access tickets" and specifically identifying the '179, '193 and '705 patents.  This May 22, 2015 letter is referenced above in Paragraphs 12 and 13.  The May 22, 2015 letter identified AAH's Mobile Phone Access Products, specifically stating:  "According to our assessment your mobile key entry system shows the features of our Patents and your activities contribute to our Patents' infringement."  A copy of the May 22, 2015 letter is attached to this Complaint as Exhibit E.

30.     On or about June 30, 2015, AAAB responded to ICEPAT's May 22, 2015 letter, denying any infringement of ICEPAT's WO 00/62260 patent family.  A copy of the June 30, 2015 letter is attached to this Complaint as Exhibit F.

31.     On or about December 15, 2015, the AWApatent firm, counsel for ICEPAT, wrote to AAAB reiterating ICEPAT's infringement position regarding the WO 00/62260 patent family.  In support of its position, counsel for ICEPAT provided a comparison between a patent from the WO 00/62260 patent family, European patent EP 1,166,238, and AAH's Mobile Phone

Access Products.  A copy of the December 15, 2015 letter is attached to this Complaint as Exhibit G.

32.  On or about January 22, 2016, AAAB responded to ICEPAT's December 15, 2015 letter, proposing a meeting between the parties.  A copy of the January 22, 2016 letter is attached to this Complaint as Exhibit H.

33.  On or about April 26, 2016, the parties met in Stockholm, Sweden.  During the meeting, ICEPAT reaffirmed its infringement claims regarding the WO 00/62260 patent family.

34.  On or about May 13, 2016, ICEPAT sent an email that is referenced above in Paragraph 16.  As stated above, the May 13, 2016 email provided a "draft of a Patent License Agreement between ICEPAT and ASSA ABLOY" and the ICEPAT Presentation.  The first page of the ICEPAT Presentation, identified as a "Presentation for ASSA ABLOY" dated May 2016, is titled "Patent Family WO 00/62260" and under that title lists all four of the Patents-In-Suit.  The third page of the ICEPAT Presentation identifies Patent WO/62260 as "Mobile Ticketing and Access Control."  Page five of the ICEPAT Presentation is titled "Mobile Ticketing & Access Control:  Business Markets" and states that "ICEPAT has identified the following markets to be addressed by the patent claims:  Access Control:  [1] Lodging Access (e.g. hotels, resorts, vacation homes, cruise ships), [2] Residential Access (e.g. premises for private usage or occasional rent of rooms like Airbnb), [3] Corporate Access (e.g. premises for management, manufacturing, government, education, healthcare, [sic])".

35.  As stated above, ICEPAT has sent correspondence to AAH customers and/or potential customers raising one or more of the Patents-In-Suit.

**D.  Immediate, Concrete, and Substantial Controversy in the United States**

36. There is an immediate, concrete, and substantial controversy between ICEPAT and Plaintiffs about whether Plaintiffs' Mobile Phone Access Products infringe any patent right possessed by ICEPAT. In view of ICEPAT's numerous statements and direct and indirect threats to Plaintiffs regarding patent infringement in the United States by its WO 00/62260 patent family, which ICEPAT has purported includes the Patents-In-Suit, there is a substantial threat from ICEPAT that it intends to assert the Patents-in-Suit against the Plaintiffs' Mobile Phone Access Products. Until the ambiguity associated with the Patents-in-Suit is resolved, Plaintiffs' ability to make, offer to sell, import, and sell, and their customers' ability to use, the Mobile Phone Access Products in the United States, without the risk of patent infringement allegations by ICEPAT, will remain in question.

37. Accordingly, Plaintiffs bring this action to remove any cloud of uncertainty regarding the Patents-in-Suit, and to protect their continued and substantial investment in their Mobile Phone Access Products.

## COUNT I

**(Declaratory Judgment of Non-Infringement of the '179 Patent)**

38. Paragraphs 1 to 37 are incorporated herein as set forth above.

39. No claim of the '179 patent has been or is infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by Plaintiffs or the purchasers of Plaintiffs' products through their manufacture, use, importation, sale, and/or offer for sale of Mobile Phone Access Products.

40. Plaintiffs have never manufactured, used, imported, offered for sale, and/or sold in the United States any products or services which infringe the '179 patent. By way of example, Plaintiffs' Mobile Phone Access Products do not include a method comprising "ordering at least

one admission ticket from a reservation center through transmission of order data by an order channel, of various possible order channels, to the reservation center, the order data including a call number of the mobile communications terminal" as required by claims of the '179 patent.

41.  As a result of the acts described in the foregoing paragraphs, there exists a definite and concrete, real and substantial, justiciable controversy between Plaintiffs and ICEPAT regarding the non-infringement of the '179 patent with respect to Plaintiffs' Mobile Phone Access Products.  This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

42.  Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request the declaration of the Court that Plaintiffs do not infringe and have not infringed any claim of the '179 patent.

## COUNT III

**(Declaratory Judgment of Non-Infringement of the '193 Patent)**

43.  Paragraphs 1 to 42 are incorporated herein as set forth above.

44.  No claim of the '193 patent has been or is infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by Plaintiffs or the purchasers of Plaintiffs' products through their manufacture, use, importation, sale, and/or offer for sale of Mobile Phone Access Products.

45.  Plaintiffs have never manufactured, used, imported, offered for sale, and/or sold in the United States any products or services which infringe the '193 patent.  By way of example, Plaintiffs' Mobile Phone Access Products do not include a method comprising "exchanging information between the memory module and a reading device of the access-controlled service device by a contactless interface, the exchanged information including a device identification of the reading device" as required by claims of the '193 patent.

46. As a result of the acts described in the foregoing paragraphs, there exists a definite and concrete, real and substantial, justiciable controversy between Plaintiffs and ICEPAT regarding the non-infringement of the '193 patent with respect to Plaintiffs' Mobile Phone Access Products. This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

47. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request the declaration of the Court that Plaintiffs do not infringe and have not infringed any claim of the '193 patent.

## COUNT III

### (Declaratory Judgment of Non-Infringement of the '705 Patent)

48. Paragraphs 1 to 47 are incorporated herein as set forth above.

49. No claim of the '705 patent has been or is infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by Plaintiffs or the purchasers of Plaintiffs' products through their manufacture, use, importation, sale, and/or offer for sale of Mobile Phone Access Products.

50. Plaintiffs have never manufactured, used, imported, offered for sale, and/or sold in the United States any products or services which infringe the '705 patent. By way of example, Plaintiffs' Mobile Phone Access Products do not include a method comprising "ordering a ticket from a reservation center through transmission of order data to the reservation center, the order data including a number assigned to a mobile communications terminal" as required by claims of the '705 patent.

51. As a result of the acts described in the foregoing paragraphs, there exists a definite and concrete, real and substantial, justiciable controversy between Plaintiffs and ICEPAT regarding the non-infringement of the '705 patent with respect to Plaintiffs' Mobile

Phone Access Products. This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

52. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request the declaration of the Court that Plaintiffs do not infringe and have not infringed any claim of the '705 patent.

## COUNT IIIV

**(Declaratory Judgment of Non-Infringement of the '579 Patent)**

53. Paragraphs 1 to 52 are incorporated herein as set forth above.

54. No claim of the '579 patent has been or is infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by Plaintiffs or the purchasers of Plaintiffs' products through their manufacture, use, importation, sale, and/or offer for sale of Mobile Phone Access Products.

55. Plaintiffs have never manufactured, used, imported, offered for sale, and/or sold in the United States any products or services which infringe the '579 patent. By way of example, Plaintiffs' Mobile Phone Access Products do not include a method comprising "ordering a ticket from a reservation center through transmission of order data to the reservation center, the order data including a number assigned to a mobile communications terminal" as required by claims of the '579 patent.

56. As a result of the acts described in the foregoing paragraphs, there exists a definite and concrete, real and substantial, justiciable controversy between Plaintiffs and ICEPAT regarding the non-infringement of the '579 patent with respect to Plaintiffs' Mobile Phone Access Products. This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

57. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request the declaration of the Court that Plaintiffs do not infringe and have not infringed any claim of the '579 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter the following relief pursuant to 28 U.S.C. §§ 2201 and 2202:

a. That a declaration be issued under 28 U.S.C. § 2201 that the manufacture, use, offer for sale, sale, and/or importation of Plaintiffs' Mobile Phone Access Products before expiration of the Patents-in-Suit did not, does not, and will not infringe any claim of the Patents-in-Suit;

b. That an injunction be issued enjoining ICEPAT and their agents, representatives, attorneys, employees, and those persons in active concert or participation with them who receive actual notice herefrom from threatening or initiating infringement litigation against Plaintiffs or its customers, dealers, or suppliers, or any of Plaintiffs' prospective or present sellers, dealers, distributors or customers, or charging them either orally or in writing with infringement of the Patents-in-Suit;

c. That this case be adjudged an exceptional case under 35 U.S.C. § 285, and awarding Plaintiffs their attorneys' fees and costs;

d. That the Court award Plaintiffs their reasonable attorney's fees, costs and expenses; and

e. That the Court award all other and further relief as it deems just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby request a trial by jury of all issues so triable.

Dated: July 11, 2016                                    FISH & RICHARDSON P.C.


By: */s/ Martina Tyreus Hufnal*
Martina Tyreus Hufnal (#4771)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
(302) 652-5070
hufnal@fr.com

**ATTORNEYS FOR PLAINTIFFS
HID GLOBAL CORPORATION AND ASSA
ABLOY HOSPITALITY, INC., YALE SECURITY
INC., CORBIN RUSSWIN INC., AND HANCHETT
ENTRY SYSTEMS, INC.**